# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAZARENE CHATELAIN,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-5747 |
| JEFFERY P. AKIN, ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion for leave to file impeachment exhibits under seal by Defendants Jeffery P. Akin, Markel Insurance Company, and Rockin B Wireless (collectively, "Defendants").[1] Defendants wish to introduce court documents—specifically, a Joint Pre-Trial Order,[2] a Post-Trial Memorandum,[3] and the Judgment of the Trial Court[4]—from a 1998 Louisiana state court case involving the Plaintiff Nazerene Chatelain.[5] According to Defendants, these filings demonstrate (1) the Plaintiff was injured in a motor vehicle accident in 1996 that resulted in injury to her back; (2) she obtained MRIs and medical treatment following that accident, and (3) the Louisiana state court found in her favor and awarded her damages.[6] Defendants argue these facts are inconsistent with Plaintiff's deposition testimony in the present matter, in which she stated she could not recall whether an MRI had been taken, and could not recall whether the trial judge had produced a written opinion in her favor that discussed any injuries to her back. Defendants seek to introduce these documents to impeach the credibility of the

---

[1] R. Doc. 72.
[2] R. Doc. 72-3 at 9.
[3] R. Doc. 72-3 at 35.
[4] R. Doc. 72-3 at 53.
[5] R. Doc. 72-2 at 2.
[6] *Id.* at 2-3.

1

Plaintiff. In the alternative, Defendants request the Court's permission to use the documents to refresh the Plaintiff's recollection during trial.[7]

I. **<u>Impeachment</u>**

In deciding this motion, the Court must decide whether the evidence is impeachment evidence or is, at least in part, substantive evidence.[8] In *Chiasson v. Zapata Gulf Marine Corp.*, the Fifth Circuit analyzed the distinction between impeachment evidence and substantive evidence.[9] The court held that evidence which is useful solely for impeachment purposes need not be disclosed prior to trial, but evidence that is "at the very least in part substantive" must be disclosed.[10] "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."[11] "Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness . . . to reduce the effectiveness of [his] testimony by bringing forth evidence which explains why the jury should not put faith in [his] or [her] testimony."[12]

The Louisiana state court filings submitted by Defendant may have some value as impeachment evidence, as they exhibit facts that are inconsistent with Plaintiff's deposition testimony. For example, Plaintiff testified that she could not remember having an MRI taken prior to the accident at issue in this case, but if she had, "it wasn't related to my back. It was related to my colon and my abdomen."[13] In contrast, the 1998 Joint

---

[7] R. Doc. 72-2 at 5.
[8] *See, e.g., Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993); *Williams v. Gaitsch*, No. 5:08-cv-0772, 2011 WL 2223813, at *2 (W.D. La. June 8, 2011).
[9] *Chiasson*, 988 F.2d at 517–18.
[10] *Id.*
[11] *Id.* at 517.
[12] *Id.*
[13] R. Doc. 72-3 at 8.

Pre-Trial Order submitted by Defendants shows that Plaintiff underwent an MRI of the lumbar spine on Mary 31, 1996, which revealed injuries to her back.[14]

In this case, the extent of Plaintiff's injuries and the degree to which they were caused by the accident with Defendant Jeffery Akin in 2014 are disputed issues of fact to be determined by the jury.[15] Accordingly, "evidence which would tend to prove or disprove" these issues must be considered substantive."[16] The documents submitted by Defendants for *in camera* review contain evidence of the Plaintiff's past accidents and medical history, and therefore speak to whether, and to what extent, Plaintiff's current injuries were caused by Defendants. Accordingly, these documents are substantive in nature, and should have been disclosed to opposing counsel and listed as exhibits in the proposed pre-trial order.[17] Defendants will not be permitted to use the documents as impeachment evidence at trial.

## II. <u>Refreshing Recollection</u>

In the alternative, Defendants request that they be permitted to use the Louisiana state court documents to refresh Plaintiff's recollection at trial. Federal Rule of Evidence 612 governs the use of a writing to refresh a witness's memory.[18] Rule 612 does not require that a writing or document used to refresh a witness's memory be disclosed prior to trial or listed as an exhibit in the parties' proposed pre-trial order. Indeed, courts have recognized that writings used to refresh a witness's recollection are not exhibits, and need

---

[14] R. Doc. 72-4 at 15.
[15] *See* R. Doc. 65 at 12-13 (Proposed Pre-Trial Order).
[16] *Chiasson*, 988 F.2d at 517.
[17] *Chiasson*, 988 F.2d at 517 ("Because the [evidence] is, at the very least in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value.").
[18] FED. R. EVID. 612.

3

not be disclosed in advance of trial.[19] Nevertheless, while Rule 612 does not require disclosure of writings that are intended to be used to refresh a witness's recollection in advance of trial, sound policy suggests that Rule 612 was not intended as an avenue for parties to conceal such documents until they are needed to refresh a witness's recollection at trial.[20]

To avoid surprise at trial, the Court will require advance disclosure of any documents the parties wish to use to refresh a witness's recollection at trial. If either party intends to use any writings or documents not listed in the proposed pre-trial order[21] to refresh a witness's recollection, the writings or documents must be submitted both to the Court and opposing counsel no later than **Thursday, March 8, 2018, at 11:00 a.m**. Those documents will not be admitted into evidence.

Accordingly;

**IT IS ORDERED** that Defendants' motion is **DENIED IN PART**. Defendants may not use the documents as impeachment evidence at trial.

**IT IS FURTHER ORDERED** that Defendants' motion be unsealed and filed on the record.

---

[19] *See, e.g., Davis v. Lakeside Motor Co., Inc.*, No. 3:0-CV-405JD, 2014 WL 1316945, at *11 (N.D. Ind. Mar. 31, 2014) (noting that "[a]ny exhibit not identified [in the Pre-Trial Order] will be excluded from trial for all purposes other than impeachment or refreshing recollection"); *Jones v. Sheahan*, No. 99-C-3669, 01-C-1844, 2003 WL 22508171, at *11 (N.D. Ill. Nov. 4, 2003) ("[T]he Court made it clear that while the letters could not be used as marked exhibits (since they were not listed on the pretrial order), they could be used to refresh recollection or to impeach the witness if there first was established a basis to do so."); *D.L.B. v. Cabinet for Health and Family Servs.*, 418 S.W.3d 426, 431–32 (Ky. Ct. App. 2014) ("Yet, nothing in KRE 612 states that the writing used to refresh the witness's memory must be turned over in advance of trial as an exhibit....Indeed, case law has established that the writing used to refresh is not to be considered as an exhibit.").

[20] *See, e.g., G.J.B. & Assocs., Inc. v. Singleton*, 913 F.3d 824, 831 (10th Cir. 1990) ("Admittedly, Fed. R. Evid. 612 requires only that such writings be produced at the hearing. But nothing in the rule suggests that an attorney may conceal the writings until ready to spring them on the court and opposing counsel in the midst of a witness's direct examination.").

[21] R. Doc. 65.

**IT IS FURTHER ORDERED** that Defendants' motion is **GRANTED IN PART**. Defendants may use the documents in order to refresh the recollection of witnesses at trial.

**New Orleans, Louisiana, this 7th day of March, 2018.**

                                              **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**